KG/SKC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Jasvinder Jasvinder,

Petitioner,

v.

Kristi Noem, et al.,

Respondents.

No. CV-26-01468-PHX-SHR (JZB)

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Docs. 1, 16.) Petitioner alleges he entered the United States in 2024, was briefly detained, and was then released on his own recognizance and placed in removal proceedings. On July 30, 2025, when he appeared for a required immigration hearing, Petitioner was again detained, and he has now been held for over 14 months without a bond hearing. Petitioner alleges his re-detention without notice or an opportunity to be heard violates his Fifth Amendment rights, and he seeks release on the same conditions as before and an injunction against his re-detention without a pre-deprivation hearing at which the Government bears the burden of proof. The Court ordered Respondents to show cause why the Amended Petition should not be granted. (Doc. 15.) In the Response, Respondents state they "do not oppose the petition at this time." (Doc. 17.)

Although Respondents do not appear to challenge Petitioner's assertion he was entitled to a pre-deprivation hearing before being re-detained, this Court has determined non-citizens, like Petitioner, who have been initially detained, released from custody, and

subsequently re-detained, do not have a constitutional right to a pre-deprivation hearing before such re-detention. *See, e.g.*, *Singh v. Unknown Party*, No. CV-26-01685-PHX-DWL (JFM), 2026 WL 1839137, at *2 (D. Ariz. June 26, 2026) (applying factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), and concluding, while non-citizens detained under 8 U.S.C. § 1226 have a liberty interest in their continued liberty, the balance of the factors ultimately favored respondents). As such, Petitioner's re-detention without a pre-deprivation hearing does not constitute a due-process violation, and the Court will deny Petitioner's request for an injunction against any future re-detention without a pre-deprivation hearing. While the Court finds no due-process violation—and therefore no constitutional basis for Petitioner's immediate release—because Respondents do not oppose the Petition, the Court will grant Petitioner's request for immediate release. Accordingly,

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 16) is **granted** as to his request for release from custody. Petitioner's request for an injunction against any future re-detention without a pre-deprivation hearing is **denied**.

(2) Respondents must immediately **release** Petitioner from custody.

(3) Respondents must provide a notice of compliance within **two days** of this Order.

(4) Any pending motions are **denied** as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 5th day of October, 2026.

Honorable Scott H. Rash
United States District Judge